IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

DONALD D. HIGGS,               :
                               :   Civ. No. 18-8087 (RMB-AMD)
      Plaintiff      :
                               :
  v.                           :   **MEMORANDUM AND**
                               :   **ORDER TO SHOW CAUSE**
                               :
GARY LANIGAN, et al.,          :
                               :
      Defendants     :
_____   :

      This matter comes before the Court upon *pro se* Plaintiff Donald D. Higgs' ("Plaintiff") motion to reopen this civil rights action. (Docket No. 16.) The procedural history of this case is as follows. On April 17, 2018, this Court received Plaintiff's *pro se* civil rights complaint, filed while he was a prisoner in Bayside State Prison in Leesburg, New Jersey. (Compl., Docket No. 1). By Opinion and Order dated November 20, 2018, this Court granted Plaintiff's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a), allowed Plaintiff's First Amendment retaliation claim to proceed against Defendant Rebecca Smith, and dismissed the remainder of Plaintiff's claims without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). (Opinion and Order, Docket Nos. 2, 3.)

On January 18, 2019, this matter was administratively terminated under Standing Order 18-4, in response to a Government shutdown affecting the defense of civil cases against the United States, its agencies and employees. (Order, Docket No. 7.) After the end of the shutdown, this case was reopened on February 6, 2019. (Order, Docket No. 9.) A copy of this Court's order reopening this case was mailed to Plaintiff at his last known address in Bayside State Prison. The order was returned to the Court on February 19, 2019, because the U.S. postal service was unable to forward it to Plaintiff's unknown forwarding address. (Returned Mail, Docket No. 10). Therefore, on February 27, 2019, this Court dismissed this action without prejudice, pursuant to Local Civil Rule 10.1(a), which requires attorneys and pro se litigants to advise the Court of any change of address within seven days. (Opinion and Order, Docket Nos. 11, 12.)

This Court did not receive anything from Plaintiff in this action for four years. Then, on March 17, 2023, this Court received a letter from Plaintiff from Northern State Prison, but the content of the letter was not related to this case. (Letter, Docket No. 14.) On March 30, 2023, this Court received another letter from Plaintiff. (Letter, Docket No. 15.) Plaintiff submitted that he had sent a notice of change of address to the Clerk of Court shortly before or after his prison transfer, and he intends to proceed with this case. (*Id.*) Plaintiff filed the present motion to reopen (Docket No. 16) on April 10, 2023. In a written statement, Plaintiff declared under penalty of perjury that he sent a notice of change of address to the Clerk's Office prior to his transfer to Northern State Prison. (Declaration, Docket No. 16-1.)

This Court did not receive Plaintiff's notice of change of address, and Plaintiff did nothing to inquire about the status of this case between at least February 2019 and March 2023. In other words, Plaintiff failed to prosecute this action for four years. The only claim in the complaint that was permitted to proceed beyond screening for dismissal under § 1915(e)(2)(B), was a First Amendment retaliation claim against Defendant Rebecca Smith, who was never served with summons and the complaint. *See*, Federal Rule of Civil Procedure 4(m) (absent a showing a good cause by the plaintiff, a defendant must be served with a summons and complaint within 90 days after the complaint is filed.")

"A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citation omitted). Prior to dismissal with prejudice for failure to prosecute, a court must balance six factors: (1) the extent of a parties' personal responsibility; (2) prejudice to the adversary; (3) whether the attorney's [or pro se litigant's] conduct was willful or in bad faith; (4) alternative sanctions; and (5) meritoriousness of the claim. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984). This Court will direct Plaintiff to show cause why the Court should not dismiss this action with prejudice based on Plaintiff's failure to take any action to prosecute this matter over the course of four years.

**IT IS** therefore on this **2nd day of June 2023**,

**ORDERED** that Plaintiff's motion to reopen this matter (Docket No. 16) is **GRANTED**; and it is further

**ORDERED** that, within 30 days of the date of entry of this Order, Plaintiff shall show cause in writing why this case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), by addressing the six factors enumerated above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge