*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DONALD A. HIGGS, | : | |
| | : | Civ. No. 18-8087 (RMB-AMD) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GARY LANIGAN, et al., | : | |
| | : | |
| Defendants | : | |

This matter comes before the Court upon *pro se* Plaintiff Donald A. Higgs' response (Dkt. No. 17) to this Court's Order to Show Cause why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Dkt. No. 16.) For the reasons discussed below, the Court will dismiss this matter with prejudice.

**I.      BACKGROUND**

On April 17, 2018, this Court received Plaintiff's *pro se* civil rights complaint. Plaintiff alleged Rebecca Smith, Assistant Administrator of Bayside State Prison, directed others to remove email and other applications from his JPay tablet to prevent him from communicating with family and his attorneys about his medical and legal claims, and to prevent him from keeping records for his litigation. (Dkt. No. 1-2 at 11-12.) By Order dated November 20, 2018, this Court granted Plaintiff's application to proceed *in forma pauperis* and, upon screening for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B), permitted the First Amendment retaliation claim under 42 U.S.C. § 1983 to proceed against Defendant Rebecca Smith. The Court dismissed, without prejudice, the remaining claims against Defendants Gary Lanigan, John Doe employees of JPay, JPay Company, John Powell, Lab

Corp., QHO Quest Diagnosis [sic], Christine Hartranft, APN, and University Hospital. (Dkt. Nos. 1-3.) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days to obtain service of process on Defendant Rebecca Smith, or to seek an extension of time for such service.

Plaintiff was provided with instructions for service of the summons and complaint in a letter from the Clerk of the Court. The letter stated, in relevant part:

> To allow you to serve your complaint on Defendants through the U.S. Marshals Service ("USMS"), enclosed please find a USMS Form 285 ("285 form"), which you must complete and return to the USMS within 30 days. One 285 form must be completed for each named defendant to be served. The USMS will NOT serve the summons and complaint unless it receives a form for that defendant. A sample of a completed 285 form is attached. If you do not wish to use the USMS to serve your complaint, you must notify the Court in writing within 30 days of the date of this letter and request a summons to be issued to you directly.
>
> You must serve your complaint within 90 days of the date it was filed, regardless of whether you use the USMS to serve your complaint. **It is your responsibility to inquire of the USMS as to whether service has been made and, if necessary, to request an extension of time for service from the Judge presiding over your case.** If within 90 days of the filing of the complaint, you have not made service or requested an extension of time, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. Finally, it is your obligation to promptly submit a written notification to the Court if your address changes, and the Court may dismiss the action pursuant to Local Civil Rule 10.1(a) if you fail to do so.

(Docket No. 4) (emphasis added).

Plaintiff returned the completed USM 285 form for Defendant Rebecca Smith to the U.S. Marshals Service on December 11, 2018. (*See* Certification of Authorized USM Deputy Clerk, Dkt. No. 5.) The docket in this matter shows that the Clerk of Court issued summons on December 12, 2018, but only to Defendants JPay Company and Gary Lanigan, although the claims against them had been dismissed without prejudice. Although

the failure to issue summons for Rebecca Smith was a mistake by the Clerk of Court, Plaintiff did not thereafter request the Clerk to issue summons for Defendant Rebecca Smith, nor did he inquire of the USMS as to whether service had been made.

This matter was administratively terminated for several weeks between January and February 2019, due to the Government shutdown. (Dkt. Nos. 7-9.) The order of administrative termination, entered on January 29, 2019, was sent to Plaintiff at his last known address in Bayside State Prison. (Dkt. No. 9.) Accordingly, on February 6, 2019, the order reopening the case upon termination of the Government shutdown was also sent to Plaintiff at Bayside Prison. A copy of this order was returned to the Court by the U.S. Postal Service on February 19, 2019, because Plaintiff was no longer incarcerated at Bayside State Prison. On April 27, 2019, this Court administratively terminated this case under Local Civil Rule 10.1(a), which requires a *pro se* party to advise the Court of an address change within seven days. (Dkt. Nos. 11, 12.) Plaintiff was directed that he could reopen this matter within 30 days by presenting good cause for his failure to provide this Court with his forwarding address. (Dkt. No. 12.) A copy of this order, sent to Plaintiff at his last known address, was also returned to the Court by the U.S. Postal Service because Plaintiff had not provided a forwarding address. (Dkt. No. 13.)

Plaintiff did not take any action in this matter until more than four years later, March 17, 2023, when he submitted a letter to this Court unrelated to his complaint. (Dkt. No. 14.) The letter came in an envelope addressed to this Court. For reasons not entirely clear from the record, the letter was docketed by the Clerk of Court in this action. A few weeks later, Plaintiff filed a motion to reopen this case on April 10, 2023. (Dkt. No. 16.) Interestingly, without prompting by the Court, Plaintiff merely states "Prior to transferring to Northern State Prison a letter of address change was sent to the Clerk." (Dkt. No. 16-1.) This Court

3

issued Plaintiff an order to show cause why it should not dismiss this matter for failure to prosecute. (Dkt. No. 17.)

## II.     PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

In response to this Court's order to show cause (Dkt. No. 18), in a letter dated June 8, 2023, Plaintiff responded:

> I am in receipt of the courts [sic] Memorandum and Order to show cause in the above matter.
>
> As stated in my previous correspondence to the Court upon receiving notice, plaintiff was unaware that the Court did not receive letter of change of address and was under the impression that it had.
>
> Plaintiff's intent was and is to move the case forward, as the claims outlined in the complaint are clear. Plaintiff understands that this Court may dismiss a suit for failure to prosecute.
>
> The intent of plaintiff's personal responsibility was to move forward in the Court, as well as keep the Court informed as to change of address, which is clearly set out in the Courts [sic] rules.
>
> Plaintiff believes that the defendant's [sic] in this matter was not, nor are prejudiced by the fact that this matter has not moved forward because of the Court not being notified of change of address, as the Court was unaware as well, and plaintiff did not know that the Court did not receive correspondence indicating the change of address from plaintiff.
>
> Plaintiff's conduct in this matter has always been in good faith to resolve the case given the nature and facts of this Complaint.
>
> Had plaintiff been aware that the Court did not receive letter of change of address sent the night before being transferred from Bayside state prison, plaintiff would have surely contacted the Court.
>
> Because the Court, nor plaintiff was aware of the change of address issue, no further proceedings could have taken place your Honor, preventing any further proceedings from taking place.
>
> There is no need to file an amended complaint to include additional defendant's [sic], unless directed by the Court, and upon the reopening of the case, the defendant's [sic] that were never served because of the notice of change of address issue, would be served.

>   Plaintiff believes good cause exists in his motion to reopen and proceed.

(Dkt. No. 18.)

On June 26, 2023, this Court received another letter from Plaintiff, which states:

>   Because I have two matters in District Court, Newark, stemming from and surrounding this matter, if your honor should reopen this case after the proper filings, I would request that your honor appoint a special master to resolve the case, based on the evidence before the Court.
>
>   Because a record of my medical concerns and lack of attention were kept on the Jpay tablet, and because of grievances filed, in retaliation, the preinstalled email app was manually turned off at the request of the defendant, preventing me from keeping a record of events on the tablet for future references.
>
>   The tablet was turned off for 18 months, one year and a half, and not reinstalled until after being at Northern State Prison.
>
>   Based on the foregoing, and to resolve the matter, along with the facts having already been established.  Your honor, I think it would be appropriate to have the matter resolved with the assistance of a Special Master.

(Dkt. No. 19.)

## III.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 41(b) provides,

>   If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

"A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat.*

5

*Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citation omitted). Prior to dismissal with prejudice for failure to prosecute, a court must balance six factors: (1) the extent of a parties' personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) whether the attorney's [or *pro se* litigant's] conduct was willful or in bad faith; (5) alternative sanctions; and (6) meritoriousness of the claim. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984).

This Court takes judicial notice, under Federal Rule of Evidence 201(b), of the docket in *Higgs v. Myers*, Civil Action No. 15-2900 (BRM-JSA) (D.N.J.) ("*Higgs v. Myers*"), for the purpose of determining whether Plaintiff's notice of change of address was docketed in that matter. On June 29, 2018, the Honorable Joseph A. Dickson, United States Magistrate Judge, *sua sponte* ordered that pro bono counsel would be appointed to Plaintiff in that matter, although the Court would have to find a volunteer lawyer willing to take the case. *Id.* (Dkt. No. 90.) A copy of that order was mailed to Plaintiff at Bayside State Prison, but the letter was returned to the Court for lack of a forwarding address. *Id.* (Dkt. No. 92.) Plaintiff took no further action in *Higgs v. Myers* for ten months, but on June 13, 2019, Higgs filed a motion to compel, which motion was sent from Northern State Prison, albeit without specifically notifying the Court of his change of address, which appeared only on the return address of the envelope containing his motion. (Dkt. No. 96.) Pro bono counsel was appointed to Plaintiff in *Higgs v. Myers* on June 19, 2019. *Id.* (Dkt. No. 95.) Plaintiff remained active in *Higgs v. Myers* by submitting letters to the Court until his counsel withdrew on October 6, 2020, when he resumed his *pro se* status. *Id.* (Dkt. Nos. 104, 115, 121, 128.) Plaintiff continued to actively pursue that matter.

    **B.    Analysis**

In determining whether to dismiss a case with prejudice for failure to prosecute, the

first factor a court must consider is the extent of a party's personal responsibility. "[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). The second consideration is whether there is prejudice to the adversary. Plaintiff asserts there is no prejudice to the defendant because this matter has not moved forward. However, the purpose of temporal limitations on when plaintiffs may bring civil causes of action suggests otherwise; "statutes of limitations serve compelling policy interests … protect[ing] defendants from having to confront controversies in which the search for truth may be thwarted by the loss of evidence, the fading of memories, or the disappearance of witnesses." *Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 493 (3d Cir. 1992) (citations omitted). This action appears to have been timely filed, but the complaint was not timely served or prosecuted by Plaintiff.

Based on Plaintiff's failure to prosecute this matter, this action under 42 U.S.C. § 1983[1] was effectively delayed for approximately four years, despite a two-year statute of limitations, without notifying the defendant of the complaint. Plaintiff was made aware of his obligation to inquire as to whether service of the summons and complaint was achieved by the USMS. (Dkt. No. 4.) Thus, the defendant was prejudiced in her defense of this case by this lengthy delay.

The third and fourth factors this Court must consider are whether Plaintiff has a history of dilatoriness and whether Plaintiff's failure to prosecute this matter was willful or in bad faith. Although Plaintiff submits that he timely mailed his change of address to the

---

[1] "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The statute of limitations for a personal injury claim in New Jersey is two years. *Id.*, citing N.J. Stat. Ann. § 2A:14-2.

Court and did not realize the Court never received it, four years to sit by and not inquire about the status of the case, even assuming the veracity of the statement that he notified the Court (of which there is no record) rings hollow.  The responsibility lies with Plaintiff.

Furthermore, this Court has taken judicial notice of *Higgs v. Myers*.  According to the docket, around the time when Plaintiff was transferred from Bayside State Prison to Northern State Prison, Plaintiff did not take any action in that case for ten months.  Although Plaintiff resumed litigation activity in *Higgs v. Myers* in June 2019, he did not do so here.

This Court must also consider alternative sanctions.  A monetary fine "would not be an effective alternative" when an indigent pro se litigant fails to prosecute.  *Briscoe*, 538 F.3d at 262-63 (quoting *Emerson v. Thiele College*, 296 F.3d 184, 191 (3d Cir. 2002).  There does not appear to be an effective alternative sanction.

The last factor this Court must consider is the meritoriousness of Plaintiff's claim.  "A claim … will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff…" *Poulis*, 747 F.2d at 869–70 (citations omitted).  This Court reviewed Plaintiff's complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b), under the same standard as that for failure to state a claim under a Rule 12(b)(6) motion to dismiss, and permitted the First Amendment retaliation claim to proceed against Defendant Rebecca Smith.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (discussing standard for *sua sponte* dismissal under § 1915(e)(2)(b)).  First Amendment retaliation claims are unique because a properly pled claim will fail if the defendant can "establish that the same decision [the adverse action] would have been made even absent any retaliatory motive."  *Watson v. Rozum*, 834 F.3d 417, 426 (3d Cir. 2016).  Thus, even if Plaintiff was able to establish the allegations in the complaint at trial, he would not

necessarily obtain relief on his claim against Defendant Rebecca Smith. Therefore, this Court considers this factor to be neutral.

Based on the extreme length of delay in Plaintiff prosecuting this action, the prejudice to the defendant, who was never served and did not have the opportunity to preserve evidence, and the fact that Plaintiff is not necessarily entitled to relief if the facts alleged in the complaint are true, this Court determines that the factors weigh in favor of dismissing this matter with prejudice for failure to prosecute.

### III. CONCLUSION

For the reasons discussed above, this Court will dismiss the complaint with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

An appropriate Order follows.

**DATE:  August 31, 2023**

                                                  s/Renée Marie Bumb
                                                  RENÉE MARIE BUMB
                                                  Chief United States District Judge